IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-603

| | |
|---|---|
| CAROLINA SUNROCK LLC f/k/a CAROLINA SUNROCK CORPORATION,<br><br>　　Plaintiff,<br><br>v.<br><br>THE LANE CONSTRUCTION CORPORATION f/k/a REA CONTRACTING, LLC, individually and as successor in interest to REA CONSTRUCTION COMPANY, INC.,<br><br>　　Defendant. | **ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)** |

THIS CAUSE came before the Court pursuant to the joint motion, filed by Plaintiff Carolina Sunrock LLC f/k/a Carolina Sunrock Corp. ("Carolina Sunrock") and Defendant The Lane Construction Corp. f/k/a REA Contracting, LLC, both individually and as the successor-in-interest to REA Construction Company, Inc. ("Lane Construction," or, collectively with Carolina Sunrock, the "Parties"), for entry of an order addressing the inadvertent disclosure of privileged materials in discovery pursuant to Fed. R. Evid. 502(d). Upon agreement by the Parties, and for good cause shown, this Court hereby orders that the inadvertent disclosure of privileged materials shall be governed by the following provisions:

　　1.　**<u>Generally</u>**.  The inadvertent disclosure of documents that are subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege,

protection, or immunity ("Privileged Material") shall not be deemed to waive whatever privilege, protection, or immunity would otherwise attach to that document.

2. **Definition of Inadvertent Disclosure**. The term "inadvertent disclosure" refers to the unintentional production of Privileged Material by the Producing Party despite the Producing Party (or its counsel) having taken reasonable, pre-production precautionary measures to preserve and protect the privilege.

3. **Clawback Procedure For Inadvertent Disclosures**.

    a. <u>Notification of Inadvertent Disclosure by the Producing Party</u>. Within two (2) business days of discovering that Privileged Material was inadvertently produced, the Producing Party shall notify the Receiving Party and identify said Privileged Material. The Parties agree that a reasonable time period to make a claim of inadvertent disclosure of Privileged Material shall be six (6) months from production of said inadvertently produced Privileged Material. If the Producing Party claims to have inadvertently produced Privileged Material, Receiving Party shall: (i) immediately return, delete, or destroy such Privileged Materials and copies thereof within five (5) business days of receiving notice of the inadvertent disclosure; (ii) immediately return, delete, or destroy any portions of work product that reflect or are derived from such Privileged Materials and copies thereof within five (5) business days of receiving notice of the inadvertent disclosure; (iii) not make any use of such Privileged Material or work product; and (iv) on request by the Producing Party, confirm in writing that it has returned, deleted, or destroyed all such inadvertently produced Privileged Material and any copies thereof.

b. <u>Discovery of Inadvertent Disclosure by the Receiving Party</u>. If the Receiving Party knows, or reasonably should know, that it has received Privileged Material, it shall promptly: (i) sequester such Privileged Material; (ii) refrain from using such Privileged Material or any portions of work product that reflect or are derived from such Privileged Material; (iii) within two (2) business days, promptly notify the Producing Party of the existence of such Privileged Material in order to permit the Producing Party to exercise the protective measures outlined above; and (iv) upon request of the Producing Party, comply with the procedures described above for the return, deletion, or destruction of such Privileged Material.

4. **The Right to Challenge Privilege Designations**. Nothing herein shall limit the Receiving Party's right to challenge the Producing Party's claim that certain Privileged Material are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity. If the Parties are unable to resolve any disputes relating to the designation of Privileged Material as, in fact, being privileged or protected from disclosure after a good faith meet and confer, the Receiving Party may file the appropriate motion with Court. In no event, however, may the Receiving Party keep or use the Privileged Material inadvertently disclosed after the Producing Party has requested that it be returned, deleted, or destroyed in conformity with paragraph 3, *supra*.

5. **Privileged Materials Submitted to the Court**. Any Privileged Material ordered submitted to the Court in connection with a challenge to the Producing Party's claim of privilege or protection shall not be filed in the public record; rather, they shall be

filed under seal for the Court to conduct an *in camera* inspection. If the Privileged Material filed under seal requires specialized equipment or software for full *in camera* review, the Producing Party agrees to make the necessary arrangements for complete *in camera* viewing by the Court.

SO ORDERED, this the 23rd day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge