IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-603-FL

| | |
|---|---|
| CAROLINA SUNROCK LLC f/k/a CAROLINA SUNROCK CORPORATION,<br><br>                 Plaintiff,<br>v.<br><br>THE LANE CONSTRUCTION CORPORATION f/k/a REA CONTRACTING, LLC, individually and as successor in interest to REA CONSTRUCTION COMPANY, INC.,<br><br>                 Defendant. | **CONSENT PROTECTIVE ORDER** |

WHEREAS, both Plaintiff and Defendant in this dispute are private (i.e., non-publicly traded) companies and have financial, personnel, and related information that is confidential, not subject to public disclosure, and that may cause competitive harm if made part of the public record of this proceeding; and

WHEREAS, there is good cause, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of a qualified protective order limiting disclosure of documents and information generated during discovery in this action, it is this the 24th day of March, 2016 ORDERED:

**1.    Scope**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, data compilations, electronically

stored information, computer disks, objects or things, deposition testimony, affidavits, interrogatory/request for admission responses, or any other media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, request for production of documents, request for admissions, interrogatory, or subpoena (collectively, "**Discovery Materials**"). This Order does not affect any entity's use of its own information or documents, nor does it affect the use of any information or documents at trial.

**2. "Confidential", "Confidential and Restricted", and "Highly Confidential" Material Defined**

For the purposes of this Order, Discovery Materials may be designated as "Confidential", "Confidential and Restricted", or "Highly Confidential" pursuant to Paragraph 4 of this Order. A Designating Entity may designate as "Confidential" any discovery material it reasonably and in good faith believes to contain confidential business information, sensitive financial information, or highly sensitive personal information. A Designating Entity may designate as "Highly Confidential" any discovery material if it reasonably and in good faith believes that the material not only meets the standard herein for being treated as "Confidential," but that the revelation of such material to officers or employees of an adverse party could result in material competitive harm to the Designating Entity. A Designating Entity may designate as "Confidential and Restricted" any discovery materials that meets the standard for "Highly Confidential" but that is relevant to the claims or defenses in this action such that the

discovery material may be shared with one (1) representative of the receiving corporate party (i.e. Plaintiff Sunrock or Defendant Lane).

For the purposes of this Order, a "**Designating Entity**" is any party to this litigation that is producing information or documents in discovery in this action, as well as any third party who is producing the material pursuant to a subpoena in action.

For the purposes of this Order, "**Designated Material**" means any material that meets the definition of either "Confidential", "Confidential and Restricted", or "Highly Confidential" material under this Order, and that has been so designated by any Designating Entity.

### 2a. Presumptive Designations of Certain Materials

The parties agree that certain categories of documents are properly designated as set forth below. Designations that deviate from these presumptive designations for these categories of documents should only occur in limited, exceptional circumstances:

- **Banking records and other non-public financial documents**, including but not limited to financial statements and tax returns, will remain or otherwise may be designated as "Highly Confidential."

### 3. Use of Designated Material

Unless otherwise expressly permitted by this Court or by express written agreement of the parties, all Designated Material produced or discovered in this case shall be used solely for the prosecution or defense of this case, and shall not be used by any party, their counsel of record or any other person to whom such Designated Material is

disclosed for any other purpose, including, but not limited to, any other litigation or judicial proceedings, or any business, competitive, or commercial purpose or function.

**4. Procedure for Designating Material**

A Designating Entity shall designate "Confidential", "Confidential and Restricted", or "Highly Confidential" material in the following manner:

a. In the case of documents or other written materials, by affixing the words "Confidential", "Confidential and Restricted", or "Highly Confidential" by stamp or other method which will make such words conspicuous, to each page of the document the party wishes to designate; or

b. In the case of electronic data, including but not limited to information produced on a hard drive, cd-rom, dvd-rom, thumb drive or other electronic media ("medium of production"), by providing written notice to the party requesting production identifying the material being designated as "Confidential", "Confidential and Restricted", or "Highly Confidential." To the extent possible, the Designating Entity shall also label the medium of production with the appropriate designation. However, any failure or inability to affix such label to the medium of production shall not waive any protection provided by this Order.

c. In the case of depositions or other pretrial testimony in this action, by designating any portion or all of a deposition as "Confidential", "Confidential and Restricted", or "Highly Confidential" by notifying the other parties on the record during the deposition, or alternatively, such party may designate

information by notifying all the parties in writing, within fourteen (14) days of the receipt of the deposition transcript, of the specific pages and lines of the transcript which are to be regarded as "Confidential", "Confidential and Restricted", or "Highly Confidential." The parties shall automatically treat all information disclosed at a deposition as "Highly Confidential" for fourteen (14) days after receipt of the transcript; or

d. In the case of written discovery or pleadings, by affixing the word or phrase "Confidential", "Confidential and Restricted", or "Highly Confidential" by stamp or other method to the portions so designated.

Any party may designate discovery materials produced by any third party pursuant to a subpoena as "Confidential", "Confidential and Restricted", or "Highly Confidential" by so informing all other parties and the producing third party. Unless otherwise stated in writing, the parties shall automatically treat all information disclosed in response to a subpoena as "Highly Confidential" for fourteen (14) days after the delivery of the documents to all Parties.

The parties shall confer if any party challenges the "Confidential", "Confidential and Restricted", or "Highly Confidential" designation before moving this Court to remove such designation.

Third parties producing documents or other material pursuant to a subpoena in this case may also designate such documents or materials as "Confidential", "Confidential and Restricted", or "Highly Confidential" pursuant to this Order but a third-party's failure or

omission to do so does not waive the parties' right to designate the discovery materials as "Confidential", "Confidential and Restricted", or "Highly Confidential."

**5.     Permissible Disclosures of "Confidential", "Confidential and Restricted", or "Highly Confidential" Material**

Except as otherwise agreed by the Designating Entity or as ordered by the Court, material designated as "Confidential" may be disclosed to and used only by:

a.  counsel of record for the parties in this case and his/her partners, associates, secretaries, legal assistants, employees, and litigation support vendors to the extent reasonably necessary to render professional services in this case;

b.  the Court;

c.  court officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

d.  the author of the document and each recipient of a copy of the document, only insofar as the author or recipient is identified on the face of the document;

e.  the parties in this case, including any employees, to the extent reasonably necessary to assist with the prosecution or defense of this case;

f.  subject to the limitations below, any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

g.  subject to the limitations below, parties in this case (including employees of such parties) noticed for depositions or designated as trial witnesses, or

  those whom counsel of record in good faith expect to testify at deposition or trial, only to the extent reasonably necessary in preparing to testify;

 h. subject to the limitations below, outside consultants or outside experts in this case, including their support personnel, retained for the purpose of assisting counsel of record or inside counsel of the parties in this case or to serve as an expert witness in this case; and

 i. subject to the limitations below, any mediator selected with the consent of all parties.

Subject to the further provisions of this Paragraph, materials that are designated as "Highly Confidential" may be disclosed only to the persons described in Subparagraphs a, b, c, d, g, h, and i, above.

Subject to the further provisions of this Paragraph, materials that are designated as "Confidential and Restricted" may be disclosed only to the persons described in Subparagraphs a, b, c, d, g, h, and i, above, and to one (1) representative of the receiving corporate party (i.e., Plaintiff Lane or Defendant Sunrock). Upon request, the identity of the representative shall be provided. The representative is bound by the terms of this Order, and is prohibited from revealing the Confidential and Restricted materials to any person.

The parties shall obtain from any individual to whom disclosure is to be made under subparagraphs (f) through (i) above a signed Acknowledgement of Protective Order, attached hereto as <u>Exhibit A</u>, prior to such disclosure. Counsel providing access to such material shall retain copies of the executed Acknowledgement(s).

### 6. Inadvertent Disclosures

The parties agree that in the event the producing party or other person inadvertently fails to designate materials hereunder, it may make such a designation subsequently by notifying all persons and parties to whom such materials were produced, in writing, within thirty (30) days of the producing party first discovering such inadvertent disclosure. In no event, however, may a producing party or other person designate or re-designate inadvertently produced materials within fourteen (14) days prior to trial. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated materials as "Confidential", "Confidential and Restricted", or "Highly Confidential" material, subject to their right to dispute such designation in accordance with Paragraph 8. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notification.

### 7. Designations of Material in Depositions, Filings, and Trial

[*NOTE: This paragraph does not address the procedure and requirements for filing under seal, which is specifically addressed in paragraph 14 below.*]

In the event that "Confidential", "Confidential and Restricted", or "Highly Confidential" material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, appendices or exhibits to briefs, or any other paper filed with this Court, such material shall be filed under seal and kept under seal by the Clerk of this Court until further Order of this Court; provided, however, that

the papers shall be furnished to the Court and counsel of record for the parties, and a duplicate copy with the Designated Material redacted shall be placed in the public record.

All Designated Material filed with or submitted to the Court shall be conspicuously marked "**CONFIDENTIAL MATERIAL PURSUANT TO COURT ORDER**" prior to filing or submission and shall be accompanied by a written request that the material be placed under seal. In the event that any party intends to use Designated Materials in any hearing in this matter, such party shall so inform all other parties in writing at least three (3) business days in advance of such hearing, and the parties shall seek assistance from the Court in protecting the confidentiality of such materials at the outset of the hearing. Following the close of discovery and prior to trial, the parties shall seek the assistance of the trial court in protecting the confidentiality of Designated Materials at trial. In the event a party intends or attempts to use any "Confidential", "Confidential and Restricted", or "Highly Confidential" materials at trial, the party attempting to use such materials shall disclose to all the other parties which materials it intends to use at least one trial day before the materials will be used or otherwise submitted to the Court. Other than the limitations otherwise stated herein, nothing in this Order shall be construed to limit the evidence that any party may offer at hearing or at trial, nor shall it be construed to limit any claim or defense of any party.

### 8. Relief from Protective Order

This Order shall be without prejudice to the right of any party to oppose production of any information on any ground, except confidentiality.

Any party may at any time request, in writing, from any Designating Entity the removal of a designation of documents, material, information, or things as "Confidential", "Confidential and Restricted", or "Highly Confidential." Upon receipt of such request, the parties shall confer in good faith as to the status of the subject information. If the parties are unable to agree upon the status of the subject information, any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving them of the provisions of this Order for good cause shown to be determined by the Court, or may, upon reasonable notice, challenge a designation by motion to the Court. In such instances, the Designating Entity shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Protective Order. Until the Court enters an Order changing the designation, such material shall be subject to the restrictions initially assigned to it and provided for it in this Protective Order. The parties hereto retain the right to apply to the Court for an order affording additional protection to any material produced herein as the circumstances may warrant.

9. **Subpoena by Other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of "Confidential", "Confidential and Restricted", or "Highly Confidential" material that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall (a) promptly object to the production of such material by setting forth the existence and force of this Protective Order and (b) notify the Designating Entity of the subpoena or order within three (3) days of receiving such subpoena and provide a complete copy of the subpoena or order to the Designating

Entity. This paragraph shall not apply to the extent that the Designating Entity is the recipient of the subpoena.

### 10. Non-Termination

This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. Within ninety (90) days after the final conclusion of this case all Designated Material shall, upon request of the Designating Entity, be either destroyed or returned to that entity.

Notwithstanding any of the foregoing, the parties' counsel may retain any privileged attorney work product they have created which incorporates designated material on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order.

### 11. Modification

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

### 12. Improper Disclosure of Designated Material

Disclosure of Designated Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as this Court may deem appropriate.

13. **Non-waiver**

The parties' consent to the terms of this Order shall neither constitute nor be construed as a waiver of any party's objections to the use or admissibility in this action of any documents designated pursuant to this Order.

14. **Filing Under Seal**

This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file under seal.

Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

SO ORDERED, this the 24th day of March, 2016.

_____/s/ Louise W. Flanagan_____
LOUISE W. FLANAGAN
United States District Judge

CONSENTED AND AGREED TO:
BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD, LLP

WOMBLE CARLYLE SANDRIDGE &
  RICE, LLP

/s/ William P.H. Cary_____
Robert J. King III (N.C. Bar No. 15946)
William P.H. Cary (N.C. Bar No. 7651)
Daniel F.E. Smith (N.C. Bar No. 41601)
2000 Renaissance Plaza
230 North Elm Street (27401)
P.O. Box 26000
Greensboro, NC 27420
Tel: (336) 373-8850
Fax: (336) 378-1001
E-mail: rking@brookspierce.com
E-mail: wcary@brookspierce.com
E-mail: dsmith@brookspierce.com

*Attorneys for Plaintiff*

/s/ Brad A. De Vore_____
Brad A. De Vore (N.C. Bar No. 13474)
Todd W. Billmire (N.C. Bar No. 34431)
3500 One Wells Fargo Center
301 South College Street
Charlotte, NC 28202
Tel: (704) 331-4941
Fax: (704) 338-7802
E-mail: bdevore@wcsr.com
E-mail: tbillmire@wcsr.com

Johnny M. Loper (N.C. Bar No. 15533)
555 Fayetteville Street Mall, Suite 1100
P.O. Box 831
Raleigh, NC 27601
Tel: (919) 755-2116
Fax: (919) 755-6056
E-mail: jloper@wcsr.com

*Attorneys for Defendant*

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-603-FL

| | |
|---|---|
| CAROLINA SUNROCK LLC f/k/a CAROLINA SUNROCK CORPORATION,<br><br>     Plaintiff,<br> v.<br><br>THE LANE CONSTRUCTION CORPORATION f/k/a REA CONTRACTING, LLC, individually and as successor in interest to REA CONSTRUCTION COMPANY, INC.,<br><br>     Defendant. | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

  1. I hereby attest to my understanding that material, information, or documents designated as either "Confidential", "Confidential and Restricted", or "Highly Confidential" are provided to me subject to the Protective Order ("Order") dated March ___, 2016, in the above-captioned litigation (the "Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Acknowledgement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated pursuant to the Order.

  2. I further agree that I shall not disclose to others, except in accord with the Order, any "Confidential", "Confidential and Restricted", or "Highly Confidential"

material, in any form whatsoever, and that such material and the information contained therein may be used only for the purposes authorized by the Order. I agree that any materials that I create that contain information that has been designated as "Confidential", "Confidential and Restricted", or "Highly Confidential" is also protected by the Order to the same extent as the original Designated Materials.

3. I further agree to return all copies of any Designated Material I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than thirty (30) days after the conclusion of this case.

4. I further agree and attest to my understanding that my obligation to honor the confidentiality of Designated Material will continue even after this case concludes.

5. I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court presiding over this action, for the purposes of any proceedings relating to enforcement of the Order.

6. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Acknowledgement of Protective Order, regardless of whether the Order has been entered by the Court.

By: _____ [signature]    Date: _____

_____ [printed name]

_____ [title]

_____ [organization/company]